UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT GERALD PLUMMER,

        Petitioner,

vs.

Case No. 06-CV-15189
HON. GEORGE CARAM STEEH

ANDREW JACKSON,

        Respondent.

_____/

**ORDER ACCEPTING DECEMBER 23, 2008 REPORT
AND RECOMMENDATION (#12), DENYING PETITIONER'S MOTION
FOR DISCOVERY (#11), DENYING PETITION FOR HABEAS
CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

      Petitioner Robert Gerald Plummer, a Michigan prisoner, applied for the writ of habeas corpus on November 21, 2006. Petitioner filed a motion on September 18, 2008 (Docket # 11) requesting discovery, an evidentiary hearing and/or an expansion of the record.

      These matters were referred to Magistrate Judge Paul J. Komives, who issued a 36-page Report and Recommendation on December 23, 2008 (Docket # 12). Magistrate Judge Komives recommends that the Court deny Petitioner's motion, in finding that an evidentiary hearing or discovery is not necessary to resolve Petitioner's claims, and further recommends that the Court deny Petitioner's application for the writ of habeas corpus. Because the court agrees with both the analysis and recommendations, petitioner's requested relief shall be denied.

## Procedural History

On April 16, 1996, Petitioner was convicted of first-degree premeditated murder (MCL § 750.316), assault with intent to commit murder (MCL § 750.83) and possession of a firearm during the commission of a felony (MCL § 750.227b), following a jury trial in the Berrian County Circuit Court. Petitioner was subsequently sentenced to a mandatory term of life imprisonment without the possibility of parole on the murder conviction, a term of 30-90 years imprisonment on the assault conviction and a mandatory consecutive term of two years imprisonment on the felony firearm conviction.

Petitioner appealed these convictions as of right to the Michigan Court of Appeals raising, through counsel, the following claims: (1) insufficient evidence of premeditated murder; (2) verdict against the weight of the evidence; and (3) ineffective assistance of counsel. The Michigan Court of Appeals agreed that the evidence was insufficient to prove the premeditation element of first degree murder, and remanded for the entry of a judgment of second degree murder and re-sentencing. The court of appeals rejected Petitioner's remaining claims. *See People v. Plummer*, 229 Mich. App. 293 (1998).

The prosecutor sought leave to appeal this decision to the Michigan Supreme Court, and Petitioner sought leave to appeal on the issues which had been rejected by the court of appeals.  Both applications for leave to appeal were denied in standard orders. *See People v. Plummer*, 457 Mich. 864 (1998); *People v. Plummer*, 459 Mich. 900 (1998).  On December 3, 1999, the trial court entered judgment of second degree murder and sentenced Petitioner to a term of 20-80 years' imprisonment on that conviction.

Petitioner then appealed his second degree murder conviction as of right, raising two challenges to the newly imposed sentence: (1) improper scoring of the guidelines; and (2)

disproportionality. The Michigan Court of Appeals rejected Petitioner's claims, and affirmed his sentence. *See People v. Plummer*, No. 224719, 2001 WL 1012109 (Mich. Ct. App. Sept. 4, 2001) (memorandum).  Petitioner sought leave to appeal these issues in the Michigan Supreme Court. The Supreme Court denied leave to appeal in a standard order. *People v. Plummer*, 465 Mich. 968 (2002).

Petitioner filed his first application for the writ of habeas corpus in this Court on October 10, 2002. On December 9, 2002, the Court dismissed that petition without prejudice for failure to exhaust state court remedies.  On April 3, 2003, Petitioner filed a motion for relief from judgment in the trial court, raising claims of ineffective assistance of counsel and newly discovered evidence. On September 14, 2004, the trial court denied Petitioner's motion for relief from judgment based on Petitioner's failure to establish good cause for his failure to raise these claims on direct appeal. *See People v. Plummer*, No. 95-003195-FC-G (Berrien County, Mich., Cir. Ct. Sept. 14, 2004). Petitioner thereafter filed applications for leave to appeal in the Michigan Court of Appeals and Michigan Supreme Court.  Both courts denied Petitioner's applications for leave to appeal in standard orders, based on Petitioner's "failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)."  *People v. Plummer*, 477 Mich. 866 (2006); *People v. Plummer*, No. 264876 (Mich. Ct. App. Mar. 9, 2006).

Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on November 21, 2006.  As grounds for the writ of habeas corpus, Petitioner raises the claims that he raised in his state court motion for relief from judgment, which fall into two broad catagories:  (1) claims relating to newly discovered evidence; and (2) claims relating to ineffective assistance of counsel.

3

**The Report & Recommendation**

As to Petitioner's "newly discovered evidence" claims, Magistrate Judge Komives found that: (a) Petitioner's claim that he is actually innocent is not cognizable on habeas review, since a writ of habeas corpus may be granted "only on the ground that [Petitioner] is in custody in violation of the Constitution or laws or treaties of the United States," thus the existence of new evidence – standing alone – is not a basis from granting the writ;[1] (b) Petitioner's contention that the trial court erred in his motion for relief from judgment is likewise not cognizable on habeas review, as this Court may not correct a state court's misapplication of its own law;[2] and (c) Petitioner failed to show "prosecutorial involvement" in any alleged perjury, which is an essential element of granting habeas relief on a "perjury/false testimony" claim.[3]  In sum, Magistrate Judge Komives found no merit to Petitioner's "newly discovered evidence" claims.

As to Petitioner's "ineffective assistance of counsel" claims, Magistrate Judge Komives found that: (a) trial counsel's failure to explore supposed inconsistencies in lab reports did not amount to inadequate assistance;[4] (b) trial counsel's statement during voir

---

[1] Report and Recommendation at 10, *citing* 28 U.S.C. § 2254(a), *Herrera v. Collins*, 506 U.S. 390, 400 (1993).

[2] Report and Recommendation at 12-13, *citing Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

[3] Report and Recommendation at 13-14, *citing Burks v. Egeler*, 512 F.2d 221, 229 (6th Cir. 1975).

[4] Specifically, Petitioner contends that a fingerprint expert reported that the ".25 Raven" pistol he examined had "no observed serial number," while a firearms/ballistic expert located and recorded a serial number on the pistol he examined.  As such, Petitioner asserts that police expert may have inspected two different pistols, and that the chain of custody of the murder weapon may have been broken.  Magistrate Judge Komives dismissed these arguments, finding that Petitioner's assertion that the fingerprint expert and the firearm/ballistics expert examined two different pistol is nothing more than speculation.  Furthermore, Magistrate Judge Komives found that there is no evidence that a second .25 Raven pistol was recovered from the crime scene, nor is there any evidence that the chain of custody was not properly observed.

dire that Petitioner would testify at trial – when, in fact, Petitioner did not testify at trial – did not amount to ineffective assistance, given that Petitioner himself changed his mind about testifying midway through the trial; (c) trial counsel's presentation of inconsistent defenses at trial (*i.e.* that Petitioner did not shoot the victim at all and/or if he did, it was in self-defense) did not amount to ineffective assistance, since the presentation of these inconsistent defenses was precipitated by Petitioner's change of heart during trial about testifying in his own defense; and (d) appellate counsel's failure to raise Petitioner's habeas claims on direct appeal did not amount to ineffective assistance, since these claims are without merit and would have failed even if they had been raised on direct appeal.

Finally, as to Petitioner's motion for discovery, an evidentiary hearing and/or to expand the record, Magistrate Judge Komives observed that a habeas petitioner is not entitled to discovery in the normal course and that the Court has discretion to grant leave to conduct discovery. Magistrate Judge Komives then found that Petitioner has not established "good cause" for discovery.

In sum, the December 23, 2008 Report and Recommendation finds that the state courts' resolution of Petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. The Report and Recommendation further finds that an evidentiary hearing and/or discovery is not necessary to resolve Petitioner's claims. Accordingly, the Report and Recommendation concludes this Court should deny Petitioner's motion and deny Petitioner's application of the writ of habeas corpus.

## Discussion

"A judge of the court shall make a *de novo* determination of those portions of [a]

5

report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1).  Objections must be filed within 10 days after service of a Report and Recommendation.  28 U.S.C. § 636 (b)(1)©.  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id.*  A party's failure to object waives further judicial review.  *Thomas v. Arn*, 474 U.S. 140, 149-155 (1985); *Thomas v. Halter*, 131 F.Supp.2d 942, 944 (E.D. Mich. 2001); 28 U.S.C. § 636(b)(1).

Petitioner submitted objections to the December 23, 2008 Report and Recommendation.  After reviewing Petitioner's Objections and the Report and Recommendation, the Court is in agreement with the reasoning of the Report and Recommendation and finds no basis to modify the Report and Recommendation.  For the most part, petitioner's objections are conclusory, and rely on rumor and innuendo to claim newly discovered evidence exists supporting his application. Accordingly, IT IS ORDERED that the Magistrate Judge's December 23, 2008 Report and Recommendation is hereby ACCEPTED as the findings and conclusions of this court.  Petitioner's "motion for discovery, motion for evidentiary hearings and motion to expand the record" (Docket #11) is hereby DENIED.  Petitioner's application for a writ of habeas corpus is hereby DISMISSED.

## Certificate of Appealability

Before Petitioner can appeal this Court's decision, a certificate of appealability must issue.  *See* 28 U.S.C. §2253(c); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  Petitioner has made no such showing.  Accordingly, a

6

certificate of appealability is hereby DENIED.

    SO ORDERED.

Dated:  April 22, 2009

                                  S/George Caram Steeh
                                  GEORGE CARAM STEEH
                                  UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 22, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---