UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT GERALD PLUMMER,

        Petitioner,

vs.                                      Case No. 06-CV-15189
                                        HON. GEORGE CARAM STEEH

ANDREW JACKSON,

        Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (#21)

Petitioner Robert Gerald Plummer has filed a *pro se* habeas petition pursuant to 28 U.S.C. §2254.  As grounds for the writ of habeas corpus, Petitioner raised claims which fell into two broad categories:  (1) claims relating to newly discovered evidence; and (2) claims relating to ineffective assistance of counsel.  Petitioner filed a motion on September 18, 2008 requesting discovery, an evidentiary hearing and/or an expansion of the record. These matters were referred to Magistrate Judge Paul J. Komives, who issued a 36-page Report and Recommendation on December 23, 2008.  Petitioner filed objections to the Report and Recommendation, however the Court overruled Petitioner's objections and adopted Magistrate Judge Komives' Report and Recommendation as the findings and conclusions of the Court.  Petitioner has now filed a timely motion for reconsideration (Docket #21).  For the reasons stated below, the Court will deny the motion.

## STANDARD OF REVIEW

Local Rule 7.1(h) of the Eastern District of Michigan allows a party to file a motion for reconsideration. *See* E.D. Mich. LR 7.1(h).  Local Rule 7.1(g)(3) provides:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted.  The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

"A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of." *Waye v. First Citizen's Nat'l Bank,* 846 F.Supp. 310, 314 n. 3 (M.D. Pa.), *aff'd* 31 F.3d 1175 (3d Cir.1994), or as an attempt to relitigate a "point of disagreement between the Court and the litigant." *Id.* The motion may only be granted if: (1) there has been an intervening change in controlling law; (2) new evidence, which was not available, has become available; or (3) it is necessary to correct a clear or plain error of law or to prevent a manifest injustice.  *See Bass v. Wainwright*, 675 F.2d 1204 (11th Cir.1982); *see also Harsen v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985).

## ANALYSIS

Petitioner's motion for reconsideration has not pointed to any palpable defect in the Court's ruling nor does Petitioner's motion identify an intervening change in controlling law or new evidence.  Rather, Petitioner's motion simply reiterates Petitioner's previous attacks on his convictions and the state court judicial rulings which upheld them.  Essentially, Petitioner's motion for reconsideration consists of re-argument of facts and issues already addressed by Magistrate Judge Komives' Report and Recommendation (Docket # 12) and by this Court's Order adopting that Report and

Recommendation (Docket # 18).  As set forth above, in order for a motion for reconsideration to be viable, it cannot rehash previously disposed of issues.  The Court finds that Petitioner's motion simply reiterates earlier arguments which have been previously considered and addressed.  Accordingly,

IT IS ORDERED that Petitioner's Motion for Reconsideration is DENIED.

SO ORDERED.

Dated:  June 5, 2009

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 5, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk