UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT GERALD PLUMMER,

    Petitioner,                                        CASE NO. 2:06-CV-15189
                                                                             JUDGE GEORGE CARAM STEEH

ANDREW JACKSON,

    Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(d)(3)

On April 16, 1996, Petitioner was convicted of first-degree premeditated murder, MICH.COMP.LAWS § 750.316; assault with intent to commit murder, MICH.COMP.LAWS § 750.83; and possession of a firearm during the commission of a felony, MICH.COMP.LAWS § 750.227b, following a jury trial in the Berrien County Circuit Court. He was subsequently sentenced to a mandatory term of life imprisonment on the murder conviction, a term of 30-90 years' imprisonment on the assault conviction, and a mandatory consecutive term of two years imprisonment on the felony firearm conviction. After his direct appeal in the state courts, his conviction for first-degree murder was reduced to second-degree murder, and he was resentenced to a term of 20-80 years' imprisonment on that conviction.

On November 21, 2006, Petitioner filed a petition for writ of habeas corpus challenging these convictions on the grounds that he was denied the effective assistance of counsel at trial and that newly discovered evidence showed that he was actually innocent. On April 22, 2009, this Court adopted a Report and Recommendation issued by

United States Magistrate Judge Paul J. Komives, recommending that the petition be denied. Petitioner appealed this decision, and that appeal is still pending in the Sixth Circuit. *Plummer v. Jackson*, Sixth Circuit No. 09-2258.

Before the Court is Petitioner's motion for relief from judgment brought under Federal Rule of Civil Procedure 60(d)(3). Petitioner asserts that he has discovered new evidence that was not disclosed at the time of his trial undermining the reliability of his conviction.

Rule 60(d)(3) provides that a judgment may be attacked for fraud on the court. "Fraud on the court consists of conduct: '1) on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court.'" *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010), quoting *Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009). Petitioner bears the burden of proving existence of fraud upon the court by clear and convincing evidence. *Id.*

In the context of a habeas case, a Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of § 2244(b). *See Gonzalez v. Crosby*, 545

-2-

U.S. 524, 531 (2005). Relief is allowed pursuant to Rule 60(b)(3) only if the denial of a petition was "clearly produced by the state's misrepresentation *in the habeas proceedings*." *Buell v. Anderson*, 48 Fed. App'x 491, 496 (6th Cir. 2002) (emphasis added). This must be contrasted with situations where the alleged misrepresentations involve frauds perpetrated in the state court and form a part of the underlying substantive claim for relief. *See Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006). In such cases, the motion will be considered to be a second or successive petition because any ruling would inextricably challenge the underlying conviction proceeding and not simply the adjudication of his habeas petition in the district court. *Id.*, at 1216.

Petitioner's motion does not attack the veracity of representations made by Respondent in the habeas case. Rather, he asserts that evidence was withheld from him by the police or prosecution during at the time of his state court trial. Specifically, Petitioner claims that he has found new evidence that additional .25 caliber weapons were found at the scene of the murder. He asserts that if his counsel had been aware of this evidence and had the weapons tested, he may have been better able to assert that one of these guns, and not the one attributed to him, was the murder weapon. This claim involves alleged frauds perpetrated in the state court and not in the proceedings in this Court. Accordingly, Petitioner's motion amounts to a second or successive habeas petition, and absent authorization from the Sixth Circuit, this Court does not have jurisdiction to consider it. 28 U.S.C. § 2244(b).

Accordingly, it is **ORDERED** that Petitioner's "Motion for Relief From Judgment"

(Dkt. 35) is **DENIED**.

Dated: February 14, 2012

                                          S/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 14, 2012, by electronic and/or ordinary mail and also to Christopher Plummer at Chippewa Correctional Facility, 4269 West M-80, Kincheloe, MI 49784.

S/Josephine Chaffee
Deputy Clerk

---