UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PLUMMER,

          Petitioner,

                                         CASE NO. 2:06-CV-15189
v.                                  HONORABLE GEORGE CARAM STEEH

ANDREW JACKSON,

          Respondent.

_____/

**OPINION AND ORDER GRANTING PETITIONER'S**
**MOTION FOR DISCOVERY (Doc. 56)**

On April 16, 1996, Petitioner Robert Plummer was convicted in Michigan state court of first-degree murder, assault with intent to murder, and possession of a firearm during the commission of a felony.  In November, 2002, Plummer filed a petition for a writ of habeas corpus in the district court which the court dismissed for failure to exhaust state  court remedies.  On November 21, 2006, Plummer again filed a petition for writ of habeas corpus in district court, claiming, among other things, ineffective assistance of counsel on the basis that his trial counsel stated during voir dire that Plummer would testify on his behalf on a theory of self-defense or defense of others, but Plummer elected not to take the stand.  The court dismissed his habeas petition and Plummer appealed.  The Court of Appeals for the Sixth Circuit ruled that this court erred by not conducting an evidentiary hearing on the ineffective assistance of counsel claim, vacated the judgment, and remanded for an evidentiary hearing.

On January 10, 2013, this court held an evidentiary hearing and admitted the deposition of Plummer's trial counsel, Robert McDowell, into evidence. McDowell testified that Plummer maintained throughout the case that he was responsible for the shooting but had been acting in self-defense or the defense of others. Now before the court is Plummer's motion for discovery (Doc. 56) in which he seeks to subpoena for deposition his pre-trial counsel, James Jesse, whom he claims will support his claim that he has always maintained that he was not responsible for the shooting at all and that McDowell presented the theory of self-defense or defense of others without his consent. Respondent opposes the motion for discovery on the basis that the evidence is only marginally relevant and is not timely.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." Bracy v. Gramley, 520 U.S. 899. 904 (1997). Rule 6(a) of the Rules Governing 28 U.S.C. § 2254, however, provides:

> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

Plummer argues that Jesse will testify that throughout his entire involvement in the case, Plummer maintained that he did not shoot the decedent, and never indicated any desire to rely on a theory of self-defense or defense of others. Plummer claims that Jesse indicated he would submit an affidavit to this effect on his behalf, but to date, has not done so, thus necessitating a subpoena to secure his deposition. Plummer further seeks leave to file a supplemental brief following the deposition limited to any issues raised therein.

Respondent argues that plaintiff has not met the showing of "good cause" because Jesse will not be able to testify as to plaintiff's discussions with his trial counsel which is at the crux of Plummer's claim. Although this court agrees that the deposition of his pre-trial counsel is of limited relevance to his ineffective assistance of trial counsel claim, there is some evidentiary basis for it. The testimony sought to be admitted may serve to buttress or contradict Plummer's testimony given at the evidentiary hearing that he has always maintained that he was not responsible for the shooting at all. Having shown "good cause" for the discovery sought, this court, in the exercise of its discretion, shall grant Plummer's motion for discovery for the limited purpose of deposing Jesse.

While Respondent's argument that the discovery motion is untimely has some merit, Plummer has shown that he has not proceeded in a dilatory manner where he sought Jesse's affidavit and Jesse allegedly promised to submit such an affidavit, but it has not been forthcoming.

For the reasons stated above, Plummer's motion for discovery (Doc. 56) hereby is GRANTED for the limited purpose of taking the deposition of Jesse which is to take place on or before May 22, 2013. Plummer's motion is FURTHER GRANTED in that he may file a supplemental brief, limited to a discussion of Jesse's deposition, to be filed on or before June 24, 2013. Respondent may file a response to that supplemental brief on or before July 18, 2013.

**IT IS SO ORDERED**.

Dated:  April 23, 2013

                                      s/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 23, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk