UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT GERARD PLUMMER,

        Petitioner,

                              Case No. 06-CV-15189

vs.

                              HON. GEORGE CARAM STEEH

ANDREW JACKSON, Warden,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

On August 6, 2013, this court denied petitioner Robert Gerald Plummer's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court rejected Plummer's argument that his trial counsel provided ineffective assistance when he failed to fulfill his promise during voir dire that Plummer would testify in a theory of self-defense or defense of others. The court reached its conclusion after conducting an evidentiary hearing and considering the testimony of Plummer himself, his father, his trial counsel, Robert McDowell, and his first assigned defense counsel, James Jesse, who withdrew during pretrial proceedings. The court found the testimony of Plummer and his father that he never intended to proceed under a theory of self-defense to be not credible and the testimony of McDowell that Plummer intended to testify under a theory of self-defense to be credible.

In deciding whether Plummer had satisfied the two-pronged test for ineffective assistance of counsel set forth under Strickland v. Washington, 466 U.S. 668 (1984), the court found that Plummer had failed to satisfy either requirement. First, the court found

that it was objectively reasonable for McDowell to promise that Plummer would testify based on their pretrial discussions wherein Plummer expressed his intentions to do so. Secondly, the court found that Plummer could not show "prejudice," as there was strong evidence of his guilt, which made it likely that Plummer would have been convicted even if McDowell had not promised his testimony during voir dire. In his motion for reconsideration, Plummer argues that this court erred by not considering evidence which contradicted McDowell's testimony, and by not conducting a full evaluation of the evidence presented.

Local Rule 7.1(h)(3) of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

In its opinion and order denying Plummer's petition, this court carefully considered all of the testimony presented at the evidentiary hearing including the deposition testimony of McDowell. The court weighed the testimony presented and made credibility determinations. Months after the evidentiary hearing was conducted, and after the matter was fully briefed, the court took the unusual step of allowing Plummer the opportunity to conduct additional discovery to depose Jesse and the court duly considered his affidavit. In reaching its decision, the court conducted a complete review of the trial record below to determine the totality of the evidence presented to the jury of Plummer's guilt. Given the court's careful review of this matter, the court finds

Plummer's claim that the court erred in not fully considering the evidence to be without merit. Accordingly, Plummer's motion for reconsideration (Doc. 65) hereby is DENIED.

IT IS SO ORDERED.

Dated: September 3, 2013

           s/George Caram Steeh
           GEORGE CARAM STEEH
           UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 3, 2013, by electronic and/or ordinary mail and also on Gerald Plummer #251303, Parnall Correctional Facility, 1780 E. Parnall Road, Jackson, MI 49201.

s/Barbara Radke
Deputy Clerk