UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PLUMMER,

        Petitioner,                        Case No. 2:06-cv-15189
                                                       Judge George Caram Steeh

v.

ANDREW JACKSON,

        Respondent.

_____/

**ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM
JUDGMENT [DKT. 69] AND MOTION TO AMEND [DKT. 70]**

On November 21, 2006, Petitioner filed a petition for writ of habeas corpus challenging his Berrien Circuit Court conviction for first-degree murder, MICH. COMP. LAWS § 750.316. His habeas petition raised two claims:

    I. Newly discovered evidence shows that petitioner is innocent.

        A. The indictment of two prosecution witnesses for other crimes undermines their reliability.

        B. Melody Hutchinson told Petitioner's father that she saw Kevin Day shoot the victim, and Day admitted to Geraldine Hatcher that he shot the victim.

    II. Petitioner was denied the effective assistance of counsel.

        A. Trial counsel failed to explore inconsistencies in laboratory reports used by the prosecution.

        B. Trial counsel was ineffective for informing the jury during opening statement that Petitioner would testify when Petitioner did not testify.

On April 22, 2009, following a Report and Recommendation issued by a United States Magistrate Judge, ECF No. 12, the Court denied the petition. ECF No. 18.

The United States Court of Appeals for the Sixth Circuit reversed in part, and it remanded the case for an evidentiary hearing on Petitioner's claim that trial counsel was ineffective for representing to the jury that Petitioner would testify at trial. *Plummer v. Jackson*, No. 09-2258 (6th Cir. Aug. 8, 2012).

On remand the Court ordered discovery and held an evidentiary hearing. Following the hearing, the Court once again denied the petition. ECF No. 61. Petitioner attempted to appeal this determination, but the Sixth Circuit denied his application for a certificate of appealability. *Plummer v. Hass*, No. 13-2121 (6th Cir. March 10, 2014).

Presently before the Court is Petitioner's motion for relief from judgment brought under Federal Rules of Civil Procedure 60(d) and 60(b), asserting that new evidence shows that his trial attorney: (1) lied about interviewing defense witnesses Robin Copley, Elizabeth Copley, and Nancy Copley, and (2) had a conflict of interest because he shared office space with another attorney involved in the case. His motion to amend asserts, as he did in a prior motion for relief from judgment, that the prosecutor suppressed evidence that multiple firearms were found at the scene of the shooting.

An independent action under Rule 60(d) is "available only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47(1998); accord *Pickford v. Talbott*, 225 U.S. 651, 657(1912). Under Rule 60(b) relief is allowed only if the denial of a petition was "clearly produced by the state's misrepresentation in the habeas proceedings." *Buell v. Anderson*, 48 Fed. App'x 491, 496 (6th Cir. 2002).

Neither of these rules apply to Petitioner's case, because his motion attempts to assert new substantive claims not presented in his original habeas petition. A motion for relief from judgment which seeks to advance one or more substantive claims following the

-2-

denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of 28 U.S.C. § 2244(b). See *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). Furthermore, a Rule 60(b) motion which seeks to introduce new evidence in support of habeas claims which had previously been denied qualifies as a second or successive habeas petition. See *In Re Bowling*, 422 F. 3d 434, 439-40 (6th Cir. 2005) (district court properly construed habeas petitioner's Rule 60(b) motion, which sought to introduce new evidence in support of his previously adjudicated ineffective assistance of counsel claim, as a second or successive habeas petition). Accordingly, Petitioner's motion constitutes a second or successive habeas petition.

Finally, it should be noted that Petitioner's claim regarding additional firearms being found at the scene formed the basis of a previous 60(d) motion. The Court already determined that such a claim involves alleged frauds perpetrated in the state court and not in this Court, and it therefore amounted to a second or successive habeas petition requiring authorization from the Sixth Circuit pursuant to §2244(b).

Because Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A), **IT IS ORDERED** that Petitioner's motions are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court to **TRANSFER** these motions to the United States Court of Appeals for the Sixth Circuit for consideration under §2244(b)(3)(A) as a request to file a second or successive petition.

Dated: February 11, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 11, 2015, by electronic and/or ordinary mail and also on Robert Plummer #251303, Parnall Correctional Facility, 1790 E. Parnall Road, Jackson, MI  49201-7139.

s/Barbara Radke
Deputy Clerk